IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,418-02






EX PARTE RICKEY DEWAYNE WEBBER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0176323-RT IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The Eighth Court of Appeals affirmed his conviction.
Webber v. State, 08-03-00177-CR (Tex. App.-El Paso April 15, 2004, pet. ref'd).

 Applicant contends, among other things, that Kerressa Chumbley's testimony at trial was
false. In a sworn affidavit dated August 16, 2010 and forwarded with this application, Chumbley
stated that she wished to recant her testimony at trial and a statement she made to the police.
Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Fierro, 934 S.W.2d 370,
374-75 (Tex. Crim. App. 1996); Ex parte Chabot, 300 S.W.3d 768, 771 (Tex. Crim. App. 2009). In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether: (1)
the factual basis of Applicant's claim was "ascertainable through the exercise of reasonable
diligence" on or before the date he filed his previous application, Tex. Code Crim. Proc. art. 11.07,
§ 4(c); (2) Chumbley's affidavit is credible and her trial testimony was false; and (3) Applicant has
shown by a preponderance of the evidence that the error, if any, contributed to his conviction or
punishment. Fierro, 934 S.W.2d at 374-75; Chabot, 300 S.W.3d at 771. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 9, 2012

Do not publish